UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/24/2026___

Plaintiff,

17-cr-644-01 (NSR)

-against-

23 Cv. 13 (NSR)

MARKEL OVERTON

OPINION & ORDER

Defendant.

NELSON S. ROMÁN, United States District Judge:

Defendant moves pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence on the ground that he received ineffective assistance of counsel. For the reasons set forth below, the motion is denied.

**BACKGROUND**

Defendant was charged in connection with his involvement in a racketeering enterprise known as the "Goonies." (Presentence Investigation Report ("PSR") ¶ 21, ECF No. 437). The charges included, among other things, participation in racketeering activity involving acts of violence, including murder and attempted murder, and exposed Defendant to a potential sentence of mandatory life imprisonment, in addition to consecutive terms. (Gov't Opp. at 1, 5–6, ECF No. 497.)

Defendant ultimately entered into a plea agreement with the Government. (*Id*. at 7.) Pursuant to that agreement, he pled guilty to racketeering conspiracy and admitted his involvement in the murder of Dean Daniels and an attempted murder commonly referred to as the "Daycare Shooting," including that he acted as the driver in both offenses. (*Id*. at 4, 10.) The plea agreement incorporated these acts into the applicable Guidelines calculation and capped Defendant's sentencing exposure at 240 months' imprisonment. (*Id*. at 7; PSR at 27–28.)

1

On June 29, 2021, Defendant appeared for a second plea allocution, during which he confirmed under oath that he had reviewed the agreement with counsel, understood its terms, and admitted his role in the charged conduct. (*Id.* at 11.) The Court accepted the plea. (*Id.*)  On November 16, 2021, the Court adopted the factual findings set forth in the PSR—including both predicate acts—and sentenced Defendant principally to a term of 240 months' imprisonment. (Dft. Mot. at 5-6, ECF No. 484.)

Defendant now brings this motion pursuant to 28 U.S.C. § 2255, arguing that his counsel was constitutionally ineffective. (*See id.*)

## LEGAL STANDARD

### A. Ineffective Assistance of Counsel Claims

To prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the familiar two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must establish that counsel's performance "fell below an objective standard of reasonableness" when measured against prevailing professional norms. *Id*. at 687–88, 104 S.Ct. 2052. In evaluating this prong, the court's inquiry "must be highly deferential," and it must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689, 104 S.Ct. 2052. Accordingly, a petitioner bears the burden of overcoming the presumption that the challenged conduct "might be considered sound trial strategy." *Id*. (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)); see also *United States v. Berkovich*, 168 F.3d 64, 67 (2d Cir. 1999) ("Actions or omissions that 'might be considered sound trial strategy' do not constitute ineffective assistance." (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052)).

Second, the petitioner must demonstrate prejudice, meaning that he "must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This

requires a showing that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S.Ct. 2052. Where, as here, the conviction stems from a guilty plea, the petitioner must further establish that "there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

## DISCUSSION

Defendant contends that his counsel was ineffective in connection with the plea and sentencing. (*See generally* Dft. Mot.) The arguments fail under both prongs of *Strickland*. Defendant must show that counsel's performance was objectively unreasonable and that he was prejudiced as a result. *Strickland*, 466 U.S. at 687–89. He does not.

### A. Counsel's Performance

Defendant argues that counsel should not have allowed him to admit to the Daniels murder, should have objected to the Court's consideration of the Daycare Shooting, and should have advised him differently with respect to the plea. (Dft. Mot. at 4–5, 10–11.) The arguments fail. To establish deficient performance, Defendant must show that counsel's conduct fell below an objective standard of reasonableness, and the Court's review is highly deferential, with a strong presumption that counsel's actions were within the range of reasonable professional assistance. *Strickland,* 466 U.S. at 687–89. Defendant has not overcome that presumption here.

As to the Daniels murder, Defendant now characterizes the incident as a personal dispute. (*Id*. at 8–11.) The record shows otherwise. What began as a dispute escalated into gang retaliation. Defendant and other members of the Goonies encouraged the shooting to protect the gang's reputation, and Defendant drove the shooters to and from the scene knowing a firearm would be used. (Gov't Opp. at 12.) On these facts, treating the conduct as racketeering activity was proper.

Counsel therefore had no basis to challenge its inclusion and declined to raise a meritless argument.

The same is true for the Daycare Shooting. (Dft. Mot. at 11–14.) The plea agreement expressly incorporated that conduct into the Guidelines calculation, and Defendant admitted under oath that he participated in the offense as the driver. (Gov't Opp. at 7, 22.) The Court was entitled to consider that conduct at sentencing, including through the Presentence Investigation Report. Because the conduct was admitted and included in the Guidelines, any objection would have lacked a basis. Counsel's decision not to object was reasonable.

Defendant's challenge to counsel's advice regarding the plea also fails. (Dft. Mot. at 15–16.) The Government set the terms of the agreement, which required Defendant to admit to the most serious predicate acts. Faced with those terms, the strength of the Government's case, and the substantial risk of a mandatory life sentence if convicted at trial, counsel advised Defendant to accept a plea that capped his exposure at 240 months. (PSR at 27–28, Gov't Opp. at 12-13.)  Given the sentencing benefit and the evidence against Defendant, that recommendation was reasonable.

### B. Prejudice

Even assuming counsel's performance was deficient, Defendant cannot show prejudice. To satisfy this prong, Defendant must demonstrate that, but for counsel's alleged errors, he would have rejected the plea and proceeded to trial. *Arteca*, 411 F.3d at 320. He has not made that showing.

The disparity between Defendant's sentencing exposure at trial and under the plea agreement is significant. Defendant faced a mandatory life sentence if convicted at trial, while the plea capped his sentence at 240 months. (Gov't Opp. at 1, 23) In light of that reduction in exposure, there is no basis to conclude Defendant would have rejected the plea.

Defendant's sworn statements at the plea hearing further undermine his claim. He confirmed that he understood the agreement, discussed it with counsel, and admitted his role in the charged conduct. (Change of Plea Hearing at 14, 16-20, 29-30, ECF No. 441.) Such statements carry a strong presumption of truth and are not lightly disregarded. Defendant offers no persuasive basis to overcome that presumption.

Finally, the strength of the Government's case—including cooperating witnesses, surveillance evidence, and Defendant's own admissions—eliminates any reasonable probability that the outcome would have been different. Faced with this evidence, proceeding to trial would have exposed Defendant to substantially greater risk with little chance of acquittal.

## CONCLUSION

For the reasons stated above, Defendant's motion pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 484 and 527.

Dated:  April 24, 2026
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

5