USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/26/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

     -against-                                    17 Cr. 644-1 (NSR)

                                                  **ORDER**

OVERTON,

                    Defendant.

NELSON S. ROMÁN, United States District Judge:

On April 24, 2026, the Court issued an Opinion & Order denying Defendant Markel Overton's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence on the ground that he received ineffective assistance of counsel. (Opinion, ECF No. 530.) The Court concluded that Defendant failed to establish either deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.*) Specifically, the Court found that counsel's performance was not objectively unreasonable where counsel declined to raise meritless objections to conduct Defendant admitted as part of his plea and reasonably advised Defendant to accept a plea agreement that capped his sentencing exposure at 240 months' imprisonment. (*Id.* at 3-5.) The Court further found that Defendant failed to demonstrate a reasonable probability that, but for counsel's alleged errors, he would have rejected the plea and proceeded to trial. (*Id.*)

Under 28 U.S.C. § 2253(c)(1)(B), a defendant may not appeal the denial of a § 2255 motion unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the Court's

assessment of those claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Defendant has not made that showing. Reasonable jurists would not find debatable the Court's conclusion that Defendant failed to satisfy either prong of *Strickland*. The record reflected that Defendant admitted his role in the relevant conduct during his plea allocution, that the plea agreement incorporated that conduct into the Guidelines calculation, and that the plea agreement substantially reduced Defendant's sentencing exposure from a potential mandatory life sentence to a capped sentence of 240 months' imprisonment. (Opinion at 4.) In light of Defendant's sworn statements, the substantial sentencing benefit secured by the plea agreement, and the lack of any meritorious objection counsel could have raised, reasonable jurists would not debate the Court's denial of Defendant's § 2255 motion.

Accordingly, the Court declines to issue a certificate of appealability.

Dated:    June 26, 2026
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

2